■ Frank J. Todd et al., Respondents, v. Pearl Woods, Inc. et al., Appellants, et al., Defendant.— Motion by appellants for leave to appeal to the Court of Appeals from so much of an order of this court, dated April 13, 1964, as affirmed the order of the Special Term denying summary judgment with respect to the first cause of action. Motion granted. With respect to such first cause of action, questions of law have arisen which in our opinion ought to be reviewed. No questions of fact were considered in this court. The following question is certified: Was the order of this court, dated April 13, 1964, insofar as it affirmed the order of the Special Term denying summary judgment as to the first cause of action, properly made? Motion by appellants to extend their time to serve a notice of appeal to the Court of Appeals, denied as unnecessary. When "an order granting permission to appeal is made, the appeal is taken when such order is entered" (CPLR 5515). Kleinfeld, Acting P. J., Brennan, Hill, Rabin and Hopkins, JJ., concur.

■ In the Matter of George Barrow, Petitioner, v. Supreme Court of the State of New York, Criminal Term, County of Queens, et al., Respondents.— In a proceeding under article 78 of the CPLR to restrain the Supreme Court, Queens County, Criminal Term; the Justices thereof; and the District Attorney of Queens County, from trying petitioner on an indictment charging him with carrying and possessing a dangerous weapon as a felony. Proceeding dismissed, without costs (see Matter of Covington v. Supreme Court of State of N. Y., 21 A D 2d 822). Beldock, P. J., Ughetta, Christ, Rabin and Hopkins, JJ., concur.

■ In the Matter of Louis Rudd (Formerly Known as Louis Rudkowitz), Petitioner. Brooklyn Bar Association, Respondent.— Application by petitioner to vacate order of disbarment, entered March 7, 1927, and to reinstate petitioner as an attorney and counselor at law, referred to the Committee on Character and Fitness for the Second Judicial District: (a) for investigation and hearing as to whether the petitioner presently possesses the requisite character and fitness for an attorney at law; and (b) for a report setting forth the committee's findings and recommendations. Beldock, P. J., Ughetta, Christ, Rabin and Hopkins, JJ., concur.